

# The Attorney General of Texas

July 9, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
ston, TX. 77002-3111
.223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Brad Wright
Chairman
Committee on Public Health
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78759

Opinion No. JM-512

Re: Licensing of out-of-state physicians

Dear Representative Wright:

You have requested an Attorney General's Opinion concerning the authority of the Texas Board of Medical Examiners. You state that the board has refused to grant a reciprocal license to a doctor licensed in Arkansas because that doctor took the Federation Licensing Exam (FLEX) before he graduated from medical school. Applicants for licensing by examination in Texas are not eligible to take the Texas Licensing Examination, which includes the FLEX, until after graduation from medical school. In Arkansas, both graduation from medical school and a passing score on the FLEX are prerequisites to licensing. Arkansas differs from Texas in that in Texas a person may not take the FLEX until after graduation. Therefore, you ask:

> Does the fact that the state in which a medical doctor attended school allowed the doctor to take the FLEX exam prior to graduation statutorily prevent Texas from granting reciprocity to that doctor?

The Medical Practice Act grants the board authority to grant licenses to physicians licensed in other states:

> Sec. 3.03 (a) The board . . . at its sole discretion and upon payment by an applicant of a fee prescribed by the board under this Act, may grant a license to practice medicine to any reputable physician who is a graduate of a reputable medical college and who:
>
> (1) is a licensee . . . of another state or Canadian province having requirements for physician registration and practice substantially equivalent to those established by the laws of this state. . . .

V.T.C.S. art. 4495b, §3.03(a). In other words, section 3.03(a) allows the board to license by reciprocity a physician who meets the following requirements: (1) the applicant is a "reputable physician"; (2) the applicant is a graduate of a "reputable medical school"; and (3) the applicant is licensed in a state or Canadian province that has requirements for registration and practice "substantially equivalent" to those in Texas.

The act defines "reputable physician" as "one who would be eligible for examination by the board." V.T.C.S. art. 4495b, §3.03(d). To be eligible for examination in Texas an applicant must show that he:

(1) is at least 21 years of age;

(2) is of good professional character;

(3) has completed 60 semester hours of college courses other than in medical school, which courses would be acceptable, at the time of completion, to The University of Texas for credit on a bachelor of arts degree or a bachelor of science degree;

(4) <u>is a graduate of a medical school or college that was approved by the board at the time the degree was conferred</u>; and

(5) has successfully completed a one year program of graduate medical training approved by the board. In addition to other license requirements, the board may require by rule and regulation that graduates of medical schools located outside the United States and Canada comply with other requirements that the board considers appropriate, including but not limited to additional graduate medical training in the United States, except those who qualify for licensure in Section 5.04 of this Act. However, the applicant shall be eligible for examination prior to complying with Subdivision (5) of Subsection (a) of this section but shall not be eligible for the issuance of an unrestricted license until the requirements of this subsection have been satisfied. (Emphasis added).

Art. 4495b, §3.04(a). You tell us that the applicant in question meets all these requirements and that he is a graduate of a "reputable medical school."

The board has submitted a brief explaining that its determination in the case you describe is based (at least in part) on the statutory requirement that an applicant for licensing by reciprocity be licensed in a state or Canadian province that has requirements for registration and practice "substantially equivalent" to those in Texas. Art. 4495b,

§3.03(a). The board has submitted a brief arguing that the timing of the FLEX is important for quality control. Logic and experience however, tell us that a test score would not be deceptively <u>high</u> because the person taking the test had <u>less</u> training than others taking the test. Therefore, we think it would be unreasonable as a matter of law for the board to conclude, <u>based on the timing of the FLEX alone</u>, that the test score requirements of a state that accepted FLEX scores achieved before graduation were not "substantially equivalent" to Texas' test score requirements.[1] <u>See Allstate Insurance Company v. State Board of Insurance</u>, 401 S.W.2d 131, 132 (Tex. Civ. App. - Austin 1966, writ ref'd n.r.e.) (administrative rules must be reasonable).

The board's brief does, however, point to a potential problem with reciprocal licensing of physicians licensed in Arkansas. . The board tells us that Arkansas does not require a year of graduate medical training as a prerequisite to licensing of physicians. If that is in fact so, an Arkansas physician may be licensed in a state that does not have "requirements for registration and practices substantially equivalent" to those in Texas. Apart from the question of the sequence of the FLEX and graduation, however, the question of whether or not the Arkansas requirements for registration and practice are "substantially equivalent" to those in Texas is not before us.

S U M M A R Y

The Medical Practice Act does not prevent the licensing by reciprocity of a physician solely because the physician took the Federal Licensing Examination before graduation from medical school.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

---

1. We assume that the version of the FLEX is one that is acceptable to Texas. <u>See</u> 22 T.A.C. §163.3.